# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTANA RILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−1911−NJR |
| ) | |
| J. MARTIN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Santana Riles, an inmate who is currently incarcerated in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at Pinckneyville Correctional Center. In the Complaint, Plaintiff alleges Defendant Martin was deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment. Plaintiff seeks a declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff originally brought this claim in Case No. 18-cv-1630-MJR-SCW. (Doc. 1). But the Court determined that this claim was mis-joined to the claims in that suit pursuant to Federal Rules of Civil Procedure 18 and 20 and severed this claim into this action on October 11, 2018. (Doc. 1).

As relevant to the claim proceeding in this action, Plaintiff alleges that he was incarcerated at Pinckneyville on November 27, 2017. (Doc. 2, p. 6). He began having a psychotic episode in which he heard voices telling him to kill himself. *Id*. He asked Martin and others for help and a crisis team, but Martin responded, "Fuck you, bitch, go ahead and kill yourself." *Id*. Plaintiff attempted to do just that by setting his bed on fire. (Doc. 2, pp. 6-7). By the time guards responded to the fire, Plaintiff was choking and foaming at the mouth from smoke inhalation. (Doc. 2, p. 7). Plaintiff did not receive medical treatment at Pinckneyville. *Id*.

## Discussion

The threshold order designated one claim for this action:

**Count 1:** Eighth Amendment deliberate indifference claim against Martin for failing to summon a crisis team for Plaintiff and telling him to go ahead and kill himself.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Plaintiff has adequately pleaded a claim under the Eighth Amendment. To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). Suicide ideation satisfies the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

first element of the test. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Plaintiff also has alleged that he told Martin that he felt suicidal and Martin cursed him and told him to do it. This strongly suggests that Martin was deliberately indifferent to Plaintiff's risk of suicide. Accordingly, this claim shall proceed.

### Pending Motions

Plaintiff's Motion for Leave to Proceed IFP will be addressed by separate order. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that Count 1 survives threshold review against Martin. The Clerk of Court shall prepare for Defendant Martin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 12, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him/her with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.