IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTANA RILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1911-MAB |
| | ) |
| JOSEPH MARTIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on a motion to dismiss for lack of prosecution filed by Defendant Joseph Martin (Doc. 51).

Plaintiff Santana Riles filed a lawsuit in August 2018 pursuant to 42 U.S.C. § 1983 based on events that occurred at Pinckneyville Correctional Center and Menard Correctional Center (Doc. 1).[1] One of Plaintiff's claims was severed into this separate action, and Plaintiff is proceeding on an Eighth Amendment deliberate indifference claim against Correctional Officer Joseph Martin for failing to summon a crisis team for Plaintiff and telling him to go ahead and kill himself (Doc. 1, Doc. 13).

On August 25, 2020, Defendant Martin filed a motion to dismiss for want of prosecution (Doc. 51). The motion states that on July 10, 2020, defense counsel mailed Plaintiff a letter about scheduling his deposition to the address that Plaintiff has on file

---

[1] The original case is *Santana v. Martin, et al.*, SDIL Case No. 18-cv-1630-MAB. It was dismissed in June 2020 for failure to prosecute and failure to follow the Court's Orders. SDIL Case No. 18-cv-1630-MAB, Doc. 60.

with the Court (*Id.*). Plaintiff did not respond to the letter (*Id.*). Defense counsel than sent another letter to via certified mail on July 17, 2020 (*Id.*). The return receipt indicated that the letter was successfully delivered on July 20th (*Id.*). Plaintiff had not responded as of August 25th, and so Defendant filed his motion to dismiss for want of prosecution (*Id.*). On August 26th, the Court entered an Order, instructing Plaintiff that he had until September 28th to file a response to the motion to dismiss and warning him that this case would be dismissed if he failed to do so (Doc. 52). To date, Plaintiff has not filed a response. In fact, the Court has not heard from Plaintiff in any capacity for eleven months, since he filed a Notice of Change of Address in November 2019 indicating that he was being released from prison (Doc. 42).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. The Court is also mindful of the significant disruptions caused by the COVID-19 pandemic. But Plaintiff is nevertheless obligated to comply with

Court-imposed deadlines and to communicate with opposing counsel and with the Court. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate.

Defendant's motion to dismiss (Doc. 51) is **GRANTED**, and this action is **DISMISSED with prejudice** pursuant to Rule 41(b) for want of prosecution. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply

with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave

to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: October 5, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**